DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES AMELIO**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-3325

[August 15, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 15-10251CF10A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The Defendant appeals his conviction for one count of sexual battery under specified circumstances under paragraphs (b) and (e) of section 794.011(4), Florida Statutes (2015). The Defendant raises several issues on appeal, and we affirm without comment on all but one. The Defendant argues the court erred when it instructed the jury on the victim's mental incapacity. We agree and reverse.

Florida Standard Jury Instruction (Criminal) 11.3, titled "Sexual Battery—Under Specified Circumstances," enumerates five elements that the State must prove beyond a reasonable doubt. The standard instruction also lists additional definitions and points of law that are read to the jury "if applicable."

During trial, the Defendant's counsel objected to the court giving one of the "if applicable" instructions. The challenged instruction references section 794.022(4), Florida Statutes, and states: "Evidence of (victim's) mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent." *Id.*

The court overruled the Defendant's objection and included the optional mental incapacity portion of the instruction. The court explained that "the case law is if there is an allegation of consent, [evidence of the Victim's mental incapacity] is applicable" and "[i]f you raise the issue of consent, mental incapacity becomes relevant."

But consent is an element of the crime. The third element of the charged crime, sexual battery—under specified circumstances, requires the State to prove beyond a reasonable doubt that the "[d]efendant's act was committed without the consent of the victim." Fla. Std. Jury Instr. (Crim.) 11.3. So consent is an issue in every sexual battery case, and one that the State bears the burden of proving beyond a reasonable doubt. If the mental incapacity portion of the instruction is read in every case when consent is an issue, then the mental incapacity instruction would always be read. And the "if applicable" instruction would be mandatory, not optional.

Turning to the appropriateness of reading the instruction, the language of the statute and instruction shows it was not applicable. The optional portion of the instruction applies when the victim was mentally incapacitated. A statutory definition for "mentally incapacitated" is another optional instruction. The definition directly follows the optional portion of the instruction at issue, and provides that mental incapacity includes intoxication without consent:

> § 794.011(1)(c), Fla. Stat.
>
> "Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.

Fla. Std. Jury Instr. (Crim.) 11.3. This definition unambiguously requires that the person's inability to appraise or control his or her conduct must be due to an act without his or her consent. It does not apply to voluntary intoxication.

The State's response to the Defendant's argument is simple. The State argues the court correctly read the instruction based on section 794.022(4), Florida Statutes (2015). That section provides that "[w]hen consent of the victim is a defense to prosecution under s. 787.06, s.

794.011, or s. 800.04, evidence of the victim's mental incapacity or defect is admissible to prove that the consent was not intelligent, knowing, or voluntary; and the court shall instruct the jury accordingly." *Id.* The State argues: "[b]ased on [section 794.022(4)] and the fact that consent was the defense asserted, the instruction at issue must be read. The trial judge correctly read the portion of the standard instruction."

Section 794.022 is an evidentiary statute. The statute allows the State to introduce "evidence of the victim's mental incapacity or defect" in order "to prove that the consent was not intelligent, knowing, or voluntary." *Id.* If the State does so, the statute provides that the court "shall instruct the jury accordingly." *Id.*

Here, the State did not do so. It was uncontroverted that the victim was voluntarily intoxicated. At trial, the victim testified that she drank multiple alcoholic drinks at different establishments. She did not state that she consumed any of the drinks against her will. The State did not introduce evidence of her mental incapacity as that term is defined in the statute. So the related instruction was not appropriate.

Even if we interpreted the statute as requiring the court to read the *optional* mental incapacity portion of the instruction in any case when consent (an element of the crime) was an issue, we would still be compelled to reverse. As noted above, immediately following the optional mental incapacity portion of the instruction is a statutory definition of mental incapacity. If the jury was entitled to hear the optional mental incapacity portion of the instruction, then the jury was also entitled to hear the statutory definition of mental incapacity.

In conclusion, the legislature defines mental incapacity in the sexual battery statute to include involuntary, and not voluntary, intoxication. § 794.011(1)(c), Fla. Stat.; *see also Coley v. State*, 616 So. 2d 1017, 1022-23 (Fla. 3d DCA 1993) ("[T]he Florida sexual battery statute does not place voluntary drug or alcohol consumption on the same footing as involuntary consumption; if they were to be treated as equivalent, the statute would say so."). At trial, the State presented no evidence of involuntary intoxication. Thus, the State was not entitled to have the voluntary mental incapacity portion of the instruction read to the jury. We reverse the Defendant's conviction and remand for a new trial.

*Reversed and remanded.*

MAY and CIKLIN, JJ., concur.

3

*　　*　　*

*Not final until disposition of timely filed motion for rehearing.*